1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER WOLFENDEN,                No.  2:13-cv-2092 TLN DAD

12                  Plaintiff,

13          v.                             **ORDER**

14   JEH CHARLES JOHNSON, ET AL.,

15                  Defendant.

16

17          This matter is before the Court pursuant to Defendants Jeh Charles Johnson,[1] Mari-

18   Carmen Jordan, Leslie Ungerman, and Alejandro Mayorkas's (collectively referred to as

19   "Defendants") Motion to Dismiss.[2]  (ECF No. 9.)[3]  Plaintiff Christopher Wolfenden ("Plaintiff")

20   has filed an opposition to Defendants' motion (ECF No. 10), and Defendants have filed a reply

21   (ECF No. 11).  The Court has considered the arguments raised by both parties and for the reasons

22   set forth below hereby GRANTS Defendants' Motion to Dismiss (ECF No. 9).

23   ///

24   _____

25   [1]        This suit was originally brought against Rand Beers who was acting as Secretary of the Department of
     Homeland Security.  On December 23, 2013, Jeh Charles Johnson was sworn in as Secretary of the Department of
26   Homeland Security.  Accordingly, Defendants have moved this Court to substitute Johnson as Defendant pursuant to
     Federal Rule of Civil Procedure 25(d).  Defendants' request is hereby GRANTED.
     [2]        Because oral argument will not be of material assistance, the Court orders this matter submitted on the
27   briefs.  E.D. Cal. L.R. 230(g).
     [3]        Page numbers cited herein refer to those assigned by the Court's electronic docketing system and not those
28   assigned by the parties.

                                               1

## I.      Factual Background

Plaintiff is a citizen of Australia and a lawful permanent resident of the United States. (Compl., ECF No. 1 at ¶ 2.)  He was placed into removal proceedings following conviction for driving under the influence and unlawful possession of marijuana under Nevada Revised Statutes 453.336.  (ECF No. 1 at ¶ 2.)  While in removal proceedings, Plaintiff submitted multiple requests to the Department of Homeland Security ("DHS") requesting a prima facie finding of eligibility for naturalization so that the Immigration Judge could terminate removal proceedings in order to allow Plaintiff to pursue a naturalization application before the United States Citizenship and Immigration Services ("USCIS").  (ECF No. 1 at ¶¶ 2, 13, 15.)

The USCIS did not respond, which led to Plaintiff filing the instant action in this Court on October 9, 2013.   Plaintiff alleges that the Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff's requests and have failed to carry out the adjudicative functions delegated to them by law.  (ECF No. 1 at ¶ 20.)  In Plaintiff's Complaint, he requests that this Court enter an order: (1) "requiring Defendants to make an affirmative communication on the [P]laintiff's prima facie eligibility for naturalization;" (2) "entering a declaratory judgment that the [P]laintiff is prima facie eligible for naturalization but for the pendency of removal proceedings;" (3) "awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act;" and (4)  "granting such further relief at law and in equity as justice may require."  (ECF No. 1 at ¶ 24.)

In response, Defendants have filed a motion to dismiss alleging that this Court lacks jurisdiction to award the relief sought by Plaintiff.  (ECF No. 9 at 3.)  Defendants further assert that because the relief sought from the USCIS is not a legally mandated duty, Plaintiff fails to state a claim for which this Court can grant relief.  (ECF No. 9 at 6–7.)

## II.      Legal Standards

### a.   Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted.  The party seeking to invoke the court's jurisdiction bears the burden of

1    establishing it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock*

2    *West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.

3    1989).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on

4    the grounds that the complaint fails to present such a jurisdictional basis, i.e., that the lack of

5    jurisdiction appears from the "face of the complaint," or as a matter of fact, i.e., lack of

6    jurisdiction based on extrinsic evidence apart from the pleadings.  *Warren v. Fox Family*

7    *Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

8                        b.   Dismissal for Failure to State a Claim Pursuant to Federal Rule of Civil

9                             Procedure 12(b)(6)

10          Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

11   statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S.

12   662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

13   defendant fair notice of what the claim ... is and the grounds upon which it rests."  *Bell Atl., v.*

14   *Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

15   pleading standard relies on liberal discovery rules and summary judgment motions to define

16   disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

17   534 U.S. 506, 512 (2002).

18          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

19   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

20   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

21   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963).  A plaintiff need not allege

22   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

23   relief."  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

24   factual content that allows the court to draw the reasonable inference that the defendant is liable

25   for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

26   Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual

27   allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1986).

28   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

1   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.   A

2   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5   statements, do not suffice.").   Moreover, it is inappropriate to assume that the plaintiff "can prove

6   facts that it has not alleged or that the defendants have violated the ... laws in ways that have not

7   been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

8   U.S. 519, 526 (1983).

9       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

10   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

11   *Twombly*, 550 U.S. at 570).   Only where a plaintiff has failed to "nudge[ ] [his or her] claims . . .

12   across the line from conceivable to plausible" is the complaint properly dismissed.  *Id.* at 680.

13   While the plausibility requirement is not akin to a probability requirement, it demands more than

14   "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.   This plausibility inquiry is

15   "a context-specific task that requires the reviewing court to draw on its judicial experience and

16   common sense." *Id.* at 679.

17       **III.     Analysis**

18       The Court first addresses Defendants' brief contention that this Court lacks subject matter

19   jurisdiction and subsequently addresses Defendants 12(b)(6) argument.

20           a.   Subject Matter Jurisdiction

21       The Administrative Procedures Act ("APA") authorizes suit by "[a] person suffering legal

22   wrong because of agency action, or adversely affected or aggrieved by agency action within the

23   meaning of a relevant statute." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004)

24   (citing 5 U.S.C. § 702).   Section 706 defines the scope of review stating that "the reviewing court

25   shall compel agency action unlawfully withheld or unreasonably delayed . . ."  5 U.S.C.A. § 706

26   (West).   The Supreme Court has explained that this section limits the district court's jurisdiction

27   and precludes review where the agency's action or inaction is not legally required, and thus

28   discretionary.  *See Norton*, 542 U.S. at 64 ("a claim under § 706(1) can proceed only where a

4

1  plaintiff asserts that an agency failed to take a discrete agency action that it is *required* to take.

2  These limitations rule out several kinds of challenges." (emphasis in original)).

3      Here, Plaintiff asks this Court to order the USCIS to "make an affirmative communication

4  on Plaintiff's prima facie eligibility for naturalization." (ECF No. 1 at ¶ 24(a).) Plaintiff cannot

5  provide this Court with any precedent supporting his allegation that the relief sought by Plaintiff

6  is a clear and ministerial duty. In contrast, Defendants have supplied the Court with case law

7  supporting their contention that the USCIS's determination of Plaintiff's naturalization eligibility

8  is discretionary due to the pending removal proceedings and thus not legally required. *See*

9  *Sandoval-Valenzuela v. Gonzalez*, No. C 08-2361 RS, 2008 WL 3916030, at *5 (N.D. Cal. Aug.

10  25, 2008) ("the APA similarly also does not provide jurisdiction because USCIS [United States

11  Citizenship & Immigration Services] is not required to take action in regards to prima facie

12  eligibility determinations"); *Escobar-Garfias v. Gonzales*, No. 06-CV-103-BR, 2007 WL 281657,

13  at *8 (D. Or. Jan. 26, 2007) ("[T]he USCIS is not obligated under any existing regulation to issue

14  a determination as to a person's prima facie eligibility for naturalization pursuant to § 1239.2(f)

15  when a removal proceeding is pending nor has the BIA or any court found the USCIS has a

16  mandatory duty to make such a determination under those circumstances."); *see also Fuks v.*

17  *Divine*, No. 05 C 5666, 2006 WL 1005094, at *3 (N.D. Ill. Apr. 14, 2006) (declining to determine

18  whether the INS had a clear and ministerial duty to communicate plaintiff's prima facie eligibility

19  to the immigration court because the court found that the claim for mandamus no longer

20  presented a live case or controversy). Accordingly, this Court finds that the relief sought by

21  Plaintiff is discretionary and thus does not authorize a cause of action under the APA. Moreover,

22  as discussed below, even if this Court had subject matter jurisdiction over this matter, it still could

23  not provide Plaintiff the relief he seeks.

24          b.  Failure to State a Claim

25      The Writ of Mandamus is a " 'drastic and extraordinary' remedy 'reserved for really

26  extraordinary causes.' " *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 369 (2004) (quoting *Ex parte*

27  *Fahey*, 332 U.S. 258, 259–60, (1947)). In *Cheney*, the United States Supreme Court explained:

28          [T]he Writ is one of the most potent weapons in the judicial arsenal,

three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires-a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id.* at 380–81 (citations and quotations omitted). The Ninth Circuit has articulated madamus relief as requiring three elements: " '(1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.' " *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n. 5 (9th Cir. 1997)). Moreover, even if all three elements are satisfied, the trial court retains discretion in ordering mandamus relief. *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 505 (9th Cir. 1997); *Oregon Natural Res. Council v. Harrell*, 52 F.3d 1499, 1509 (9th Cir. 1995).

As previously addressed, USCIS is not required to issue a determination as to a person's prima facie eligibility for naturalization pursuant to 8 C.F.R. § 1239.2(f). *See Sandoval-Valenzuela v. Gonzalez*, 2008 WL 3916030, at *5. Although USCIS may issue a determination of eligibility, Plaintiff has been unable to provide this Court with any authority which identifies that USCIS's duty as "so plainly prescribed as to be free from doubt." Consequently, the Court will not compel USCIS, through mandamus, to make a determination as to Plaintiff's prima facie eligibility for naturalization. Without any existing statutes, regulations, or court decisions finding that USCIS has a mandatory duty to issue a determination as to Plaintiff's prima facie eligibility for naturalization, Defendants' Motion to Dismiss must be granted. *Id.*

## IV.    Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss (ECF No. 9) is hereby GRANTED. Accordingly, the Clerk of the Court is directed to CLOSE this case.

1          IT IS SO ORDERED.

2     Dated: June 20, 2014

3

4

5                                              Troy L. Nunley
                                          United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7